UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BYRON CHAPMAN,

    Plaintiff,

v.

ELI MUNDO, et al.,

    Defendants.

Case No. 5:18-cv-06693-EJD

**ORDER DENYING PLAINTIFF'S MOTION SEEKING AN ORDER FOR PUBLICATION OF SUMMONS**

Re: Dkt. No. 16

Plaintiff Byron Chapman brings this complaint for breach of a settlement agreement against Defendants Eli Mundo and Fernando Mundo stemming from a previous related case *Chapman v. Mundo's Café, et al.*, Case No. 5:16-cv-02893-EJD. Presently before the court is Plaintiff's Motion Seeking an Order for Publication of Summons on Defendant Eli Mundo through The Monterey County Herald, a newspaper of general circulation in the area of Eli Mundo's restaurant Mundo's Café, which is the subject of this action.[1] Plaintiff's motion is DENIED for the following reasons.

Rule 4 of the Federal Rules of Civil Procedure governs service of a complaint in federal court. Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under the California Code of Civil Procedure, summons may be served through four methods: (1) personal delivery to defendant, (2) delivery to someone else at defendant's usual residence or place of business, (3) service by mail coupled with acknowledgement of receipt, and (4) service by publication. Cal. Civ. Proc. §§ 415.10–.50. Unlike the first three, service by publication requires a court order. Cal. Civ. Proc. § 415.50. Before a court may order service by publication, Plaintiff must show that he satisfies § 415.50(a),

---

[1] Defendant Fernando Mundo has been served.

Case No.: 5:18-cv-06693-EJD
ORDER DENYING PLAINTIFF'S MOTION SEEKING AN ORDER FOR PUBLICATION OF SUMMONS

1

which provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." Cal. Civ. Proc. § 415.50(a).

Here, Plaintiff has not established reasonable diligence. The affidavit of Plaintiff's process server indicates that Plaintiff made two attempts to serve Defendant Eli Mundo at Mundo's Café. Dkt. No. 16, Ex. B. According to Plaintiff's affidavit, Defendant Fernando Mundo stated that Defendant Eli Mundo has not worked at the Café for five years and would not provide further information. Plaintiff's attorney states that his "office searched business and property records using the TransUnion/TLO XP (TLO) search engine's [sic] a California Ultimate Weapon Database, which is one of the strongest research tools used nationwide by law enforcement, attorneys, courts, governmental agencies and private detectives." Dkt. No. 16 at 7. However, Plaintiff omits the results of his research. Furthermore, Plaintiff has not attempted to serve Defendant Eli Mundo in any other authorized manner such as service by mail or delivering service to someone else at Defendant's usual residence or place of business. Cal. Civ. Proc. § 415.10.

Plaintiff's two attempts of service do not establish reasonable diligence. *Cf. Hernandez v. City of San Jose*, 2016 U.S. Dist. LEXIS 155040, at *6 (N.D. Cal. Nov. 7, 2016) (finding reasonable diligence when plaintiffs hired two professional process servers, requested information from the Santa Clara County Probation Department, searched social media platforms, and sought to verify defendant's address using the Santa Clara County voter registration portal).

Accordingly, Plaintiff's motion is denied and Plaintiff's hearing on the motion, scheduled for February 28, 2019, is now VACATED.

**IT IS SO ORDERED.**

Dated: February 21, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-06693-EJD
ORDER DENYING PLAINTIFF'S MOTION SEEKING AN ORDER FOR PUBLICATION OF SUMMONS

2